UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                   Case No. 06-20582

v.                                                Honorable John Corbett O'Meara

MICHAEL BURT,

       Defendant.
                                  /

## OPINION AND ORDER DENYING DEFENDANT MICHAEL BURT'S SECOND MOTIONS FOR A BILL OF PARTICULARS AND TO DISMISS THE INDICTMENT

     This matter came before the court on Michael Burt's February 29, 2008 second motion for a bill of particulars and Burt's March 3, 2008 second motion to dismiss the indictment. The Government filed its responses March 21, 2008; and Burt filed his replies on April 1, 2008.[1] Oral argument was heard April 24, 2008.

     Burt faces four counts of income tax evasion, in violation of 26 U.S.C. § 7201. In his second motion for a bill of particulars, Burt argues that he needs more specificity: is he charged with evasion of the tax assessment or evasion of paying his taxes.[2] However, Burt has specificity; he is charged with the crime of tax evasion. The Seventh Circuit states "[s]ection 7201 creates only one crime: tax evasion. Just as you can rob a bank in a dozen ways . . . so you

---

[1] The court notes that the Government's initial responses were illegible, apparently because of a transmission glitch in the electronic filing of the responses. Corrected responses were filed April 22, 2008. The court gave Defendant Burt several options that would have allowed him to file replies to these corrected responses. In court, Burt's counsel declined those options and chose to proceed with oral argument.

[2] Burt also includes this argument in his second motion to dismiss the indictment. For the reasons stated, the court also rejects this argument as a basis for dismissing the indictment.

can evade taxes in multiple ways." United States v. Dunkel, 900 F.2d 105, 107 (7th Cir. 1990); see also United States v. Mal, 942 F.2d 682, 686 (9th Cir. 1991). Burt also argues that the Government must state the specific statute that describes his duty to pay income tax. Other circuits have faced this argument and rejected it as frivolous.[3] See United States v. Chisum, 502 F.3d 1237, 1244 (10th Cir. 2007); United States v.Vroman, 975 F.2d 670, 671 (9th Cir. 1992) (indictment for failure to file income tax returns that cited the penalizing statutes held sufficient even though it failed to city the statute that requires filing of a tax return).

In his second motion to dismiss the indictment, Burt opines that the indictment should be dismissed because it fails to apprise him of the elements of tax evasion, including "willfulness" and "tax deficiency." However, the indictment is sufficient since it tracks the language of section 7201. See Hamling v. United States, 418 U.S. 87, 117 (1974)("[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' "); see also United States v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004).[4]

Burt further argues that the first three counts of the indictment should be dismissed because they fall outside the six-year statute of limitations. See 26 U.S.C. § 6531(2). Count 1 alleges in part that the crime occurred "on or about the 26th of January 2001." Count 3 alleges

---

[3]Burt also includes this argument in his second motion to dismiss. For the reason stated, the court also rejects this argument as a basis for dismissing the indictment.

[4]This argument is not novel. Defendant's counsel presented it in United States v. Stierhoff, 500 F.Supp.2d 55 (D. RI 2007). Although the court's ruling in Stierhoff is not binding, it is very instructive and relevant to the facts of this case.

2

that the crime indicated in the count occurred "during the calendar year 2000." According to Burt, the counts fall outside the statute of limitations because he was arraigned on February 15, 2007. However the relevant date is not Defendant's arraignment, but rather the day the indictment was handed down by the Grand Jury, November 14, 2006. As such, Counts 1 and 3 comply with the statute of limitations.

Burt also finds fault with Count 2 which alleges in part that Defendant violated section 7201 "during the calendar year 1999." The statute of limitations for tax evasion begins to run on the date the last affirmative act took place or the statutory due date of the return, whichever is later. See United States v. Anderson, 319 F. 3d 1218, 1219 (10th Cir. 2003); United States v. DiPetto, 936 F.2d 96, 97 (2d Cir. 1991). In count 2, the government alleges affirmative acts of evasion after his 1999 tax return was due. This includes the allegation that Burt tried on February 7, 2001 to conceal taxable assets. As such count 2 also falls within the statute of limitations.

## **ORDER**

For the reasons stated in this opinion, it is hereby **ORDERED** that Michael Burt's February 29, 2008 motion for a bill of particulars and March 3, 2008 motion to dismiss the indictment are **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date: April 25, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 28, 2008, by electronic and/or ordinary mail.

                                                           s/William Barkholz
                                                           Case Manager