UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
    Plaintiff,

v.

MICHAEL BURT
    Defendant.
_____/

Case No. 06-20582

Hon. John Corbett O'Meara

## ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL

Before the court is Defendant's motion to vacate judgment and grant a new trial, filed on June 10, 2008. An answer was filed by the government on July 21, 2008. For the reasons stated below, this court denies the motions for a new trial.

## FACTUAL BACKGROUND

On November 14, 2006, a federal grand jury indicted Defendant Michael Burt on four counts of federal income tax evasion, in violation of 26 U.S.C. § 7201. An arraignment on the charges was completed on March 1, 2007. Defendant went to trial on the charges on May 13, 2008 and a jury returned guilty verdicts on each count on May 22, 2008. Defendant now argues pursuant to Fed. R. Crim. P. 33, that he is entitled to a new trial for the following reasons: (1) the court erroneously instructed the jury; (2) the court prevented Defendant from fully presenting his good faith beliefs to the jury; (3) the evidence at trial was either a constructive amendment or a substantial variance from the Grand Jury indictment; (4) the government withheld Brady material; and (5) the government made prejudicial and false statement to the jury.

## LAW AND ANALYSIS

The court "may grant a new trial may grant a new trial to . . . defendant if required in the interest of justice." Fed. R. Crim. P. 33; United States v. Davis, 15 F.3d 526, 531 (6th Cir. 1994). The Defendant bears the burden of proving to this court that it should exercise its discretion and grant a new trial. Davis, 15 U.S.C. at 531.

    **1.**    **The Jury Instructions**

Defendant Burt refers to his trial objections and claims that the court erred when it instructed the jury. The results were instructions that Burt believes shifted the burden of proof

away from the government. In other words, Defendant Burt repeats the objections he made during the trial. The court, for the reasons stated on the record, again denies Defendant Burt's objections to the jury instructions.

### 2. Defendant Burt's Good Faith Beliefs

Defendant Burt next argues that the court denied him the opportunity "to present to the jury evidence and theories upon which he held a good faith belief." Specifically, Defendant refers to his reliance on the Paperwork Reduction Act and his theory that his employer was liable for the taxes in question and not him. A quick review of the record shows that Defendant had ample opportunity through his own testimony to present these beliefs and that the jury was instructed in how to consider a good faith defense.

### 3. The Alleged Constructive Amendment/Material Variance from the Grand Jury Indictment

Defendant Burt also contends that at trial there was either a constructive amendment or a material variance of the charges in the indictment and the proofs presented at trial. A material variance occurs when the terms charged in an indictment are unchanged but the evidence presented at trial proves facts that are materially different from those alleged in the indictment. United States v. Von Stoll, 726 F.2d 584, 586 (9th Cir. 1984). "A constructive amendment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecution or court after the grand jury has passed upon them." United States v. Fisher, 3 F.3d 456, 462-63 (1st Cir. 1993). Defendant Burt complains about several alleged amendments or variances from the Grand Jury indictment but only explains one.[1] Burt notes that the indictment only alleged income tax evasion but that the government present testimony that alleged evasion of not only income tax but also self employment and FICA taxes. The argument holds no merit because the evidence presented, including the self-employment and FICA taxes, include the assessment that is made in preparing Form 1040 federal income tax returns. The evidence is

---

[1] Defendant Burt alleges that other constructive amendments included: "the changing of the charge of evasion of assessment or evasion of payment; the affirmative acts alleged in the indictment were changed to other alleged acts such as not submitting to a summons," as well as the failure to fully disclose the grand jury transcripts. (Defendant's Motion at 6.) These are mere assertions of fact that fail to include citation or case law for support. As such, this court summarily rejects them.

therefore relevant to the Grand Jury indictments that Defendant Burt evaded federal income tax because it described Defendant's tax deficiencies.

### 4. The Alleged Brady Issue

Defendant Burt further alleges that the government had exculpatory information in its possession that it refused to provide to him, also known as Brady information. To establish a Brady violation, Burt must prove that the government suppressed evidence that was favorable to his defense and material to his innocence. Carter v. Bell, 218 F.3d 581, 601 (6th Cir. 2000). The extent of Burt's "proof" that a Brady violation occurred is a cursory reference to testimony made by his formal employer, Michael Skorija, concerning tax forms and the testimony of government agent Edwin Brown that he looked at information stored on Internal Revenue Service computers on the morning of his testimony. This is a far cry from Burt meeting his burden to show that there was a reasonable probability that there would have been a different result had he known this information before trial.

### 5. The Government's Alleged False and Prejudicial Statements to the Jury

Finally, Defendant Burt alleges that the government made several improper statements while arguing its case to the jury. Specifically, Burt complains that during closing arguments, the government's counsel told the jury that Burt was "nothing more than a tax criminal." However, this is a valid argument in conclusion since the government was urging the jury to make a conclusion from the evidence presented that Burt was indeed a tax criminal. A second alleged false claim was that Burt had a bank account of some sort in the Turks and Caicos Islands. What Defendant fails to mention is that the claim was supported by a document which indicated a wire transfer from Defendant's bank to a Turks and Caicos banking institution. Third, Burt alleges that the government falsely alleged he was liable for taxes in the years 1998, 2000, and 2001 because it had also held Defendant's employer liable for those taxes. Fourth, Burt claims the government falsely alleged that he evaded tax assessments because after the government indicted Burt, it assessed Burt's tax liability and "sent him a tax bill." These final allegations are merely bald assertions that fail to recognize testimony that confirmed Burt's tax liability and his failure to meet the obligations of that liability. Ultimately, there is nothing in Defendant's allegations that indicates that he was denied due process or that they were unfairly prejudicial against him.

## ORDER

**IT IS HEREBY ORDERED** that Defendant's motion for a new trial is DENIED.

                                          s/John Corbett O'Meara
                                          United States District Judge

Date: July 23, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 23, 2008, by electronic and/or ordinary mail.

                                          s/William Barkholz
                                          Case Manager