UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
    Plaintiff,

Case No. 06-20582

v.

Hon. John Corbett O'Meara

MICHAEL BURT
    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Before the court is Defendant's motion for judgment of acquittal, filed on June 10, 2008. An answer was filed by the government on July 23, 2008. For the reasons stated below, this court denies the motion for judgment of acquittal.

## FACTUAL BACKGROUND

On November 14, 2006, a federal grand jury indicted Defendant Michael Burt on four counts of federal income tax evasion, in violation of 26 U.S.C. § 7201 (section 7201). An arraignment on the charges was completed on March 1, 2007. Defendant went to trial on the charges on May 13, 2008, and a jury returned guilty verdicts on each count on May 22, 2008. Defendant now argues pursuant to Fed. R. Crim. P. 29, that acquittal is necessary for the following reasons: (1) the government failed to prove the element of "wilfullness"; (2) the government failed to prove the affirmative acts alleged in the indictment; (3) there was no evidence proving the existence of a tax deficiency; (4) the government failed to negate Defendant's good faith reliance on the Paperwork Reduction Act; and (5) the government failed to negate Defendant's good faith belief that he was not liable for the income tax.

## LAW AND ANALYSIS

Fed. R. Crim. P. 29 (c)(2) states that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." In ruling on this motion, the court views the evidence and all reasonable inferences in the light most favorable to the government. United States v. Reed, 821 F.2d 322, 324-25 (6th Cir. 1987). In doing so, the court does not weigh the evidence or judge the credibility of the witnesses presented to the jury. United States v. Talley, 164 F.3d 989, 996 (6th Cir. 1999).

### 1. Proving The Element Of Willfullness

In prosecuting tax evasion, the government must prove: (1) willfullness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. United States v. Spine, 945 F.2d 143, 149 (6th Cir. 1991). Defendant Burt raises several arguments as to whether the government proved the "willfulness" element of tax evasion. First, he contends that the government failed to prove that a specific law imposed a duty on him to pay income tax. This argument was raised previously by Defendant, and for the same reasons stated in the record, the court again affirms that a specific law did indeed impose a duty on Defendant Burt to pay income tax.

Second, Defendant Burt contends that the government failed to prove Burt had actual knowledge of the provision that required him to pay income tax or that the duty to pay income tax was required by law. Aside from the fact that the obligation to pay income tax is etched into the common conscience of the American public, the evidence presented to the jury makes it extremely difficult to believe that Defendant Burt did not know that he was under a duty to pay income tax. Specifically, his employment put him in regular contact with taxation officials and Burt had previously filed his own income tax returns. See United States v. Guidry, 199 F.3d 1150, 1157-58 (10th Cir. 1999); United States v. Klausner, 80 F.3d 55, 63 (2nd Cir. 1996).

Finally, Defendant contends that the government failed to prove that he voluntarily and intentionally violated his duty to pay income tax. The court rejects part of this contention because it assumes that the government did not prove there was a law imposing the duty to pay income tax or that Defendant Burt know of the duty. The second part of this contention argues that Defendant Burt did not have information to provide on the required Form 1040 tax form. The record includes ample evidence that the requisite information was available to Burt.

### 2. Failure To Prove An Affirmative Act

Defendant Burt also argues that the government failed to prove an affirmative criminal act of tax evasion on his part. Burt seems convinced that the affirmative act of evasion must be that he actually misled the IRS or that his actions resulted in actual concealment of the taxes he owed. However, the long held rule is that the affirmative act is "any conduct, the likely effect of which would be to mislead or to conceal tax evasion." Spies v. United States, 317 U.S. 492, 499 (1943). The record reflects that each count was sufficiently supported by evidence that Defendant Burt engaged in conduct which could have misled the IRS or concealed from the IRS

his tax liability. Defendant Burt further suggests that this court erroneously instructed the jury that the failure to file a tax return could be construed as an affirmative act of omission. This suggestion amounts to nothing more than a bald assertion with no proof of its existence. There is no record of this type of instruction.

Finally, Defendant Burt argues that the government was required to prove affirmative acts by Defendant that were an attempt to avoid tax assessment or the payment of income tax. In other words, Defendant tries to redefine section 7201 of the tax code as vague or ambiguous because it describes two crimes: avoiding tax assessment or avoiding the payment of income tax. As was noted in the record, section 7201 does not describe two separate crimes. It describes two possible methods of tax evasion. United States v. Masat, 896 F.2d 88, 91 (5th Cir. 1990).

### 3. Failure To Prove A Tax Deficiency

The government must also prove that a tax deficiency existed. Defendant asserts that the government failed in this responsibility because the IRS never performed a tax assessment on Burt. Defendant Burt misconstrues this requirement. Although the government in a tax evasion prosecution must prove a tax deficiency, it is not required to do so through evidence that the IRS made an assessment of taxes owed and demanded payment of those taxes. United States v. Daniel, 956 F.2d 540, 542 (6th Cir. 1992). Instead, the government must prove that a tax is due and owing on the date that a tax return must be filed. The government did so through the testimony of IRS agent Edwin Brown.

### 4. Failure To Rebut Defendant's Reliance On The Paperwork Reduction Act

Throughout trial and in this motion, Defendant Burt attempted to use his reliance on the Paperwork Reduction Act as a good faith defense to tax evasion. The argument follows that since the Form 1040 instructions and regulations do not display an Office of Management and Budget control number, United States citizens cannot be penalized for failing to file the Form 1040. Burt is not the first defendant in a tax evasion case to do so. Courts throughout the nation have routinely rejected this argument for several reasons that have been previously cited and explained in the record.

### 5. Good Faith Belief That Defendant Was Not Liable For The Tax

Finally, Defendant Burt argues that he had a good faith belief that he was not liable for his income taxes. Instead the liability fell on his employer. As proof, Defendant Burt opined

that tax liens placed on his employer for payroll taxes indicated that the liability rested on his employer. However, the testimony provided by IRS agent Brown indicated that the liability rested solely on Defendant. It is reasonable based on the evidence for the jury to have rejected this good faith defense.

## **ORDER**

**IT IS HEREBY ORDERED** that Defendant's motion for judgment of acquittal is DENIED.

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date: July 28, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 28, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager