UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                 Case No. 06-CR-20582

v.

                                 Hon. John Corbett O'Meara

MICHAEL BURT,

     Defendant.

_____/


## ORDER DENYING DEFENDANT'S MOTION FOR
## STAY OF JUDGMENT AND RELEASE PENDING APPEAL

     Before the court is Defendant's motion for stay of judgment and release pending appeal, filed December 23, 2008.  The government submitted a response January 12, 2009.  Pursuant to L.R. 7.1(e)(2), the court will decide this matter on the briefs submitted and without oral argument.

     Defendant was indicted on four counts of federal income tax evasion on November 14, 2006.  After a seven-day trial, a jury convicted Defendant on all four counts on May 22, 2008.  Defendant filed a motion for judgment of acquittal and a motion for a new trial on June 10, 2008.  The court denied both motions.   On December 3, 2008, the court sentenced Defendant to twenty-seven months imprisonment.

     Defendant seeks a stay of the judgment and release pending appeal.  The standard of review is as follows:

          **(b) Release or detention pending appeal by the defendant.**--**(1)** Except as provided in paragraph **(2)**, the judicial officer shall order

that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

**(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

**(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-- **(i)** reversal, **(ii)** an order for a new trial, **(iii)** a sentence that does not include a term of imprisonment, or **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).  An appeal raises a substantial question of law or fact when the appeal presents a "close question" or one that "could go either way," and that is "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor."  United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir.1985) (quoting United States v. Powell, 761 F.2d 1227, 1233-34 (8th Cir. 1985) (en banc)).  See also United States v. Russell, 942 F. Supp. 1126, 1128 (E.D. Mich. 1996) (Gadola, J.).

Defendant advances several grounds that he argues raise a substantial question of law or fact.  Having carefully reviewed Defendant's brief, and having disposed of most of Defendant's arguments in orders denying his motions for acquittal and new trial, the court finds that none of the grounds raised constitute a substantial question of law or fact.  See July 23, 2008 Order Denying Motion for New Trial (docket no. 59); July 28, 2008 Order Denying Motion for Acquittal (docket no. 60).  See also Russell, 942 F. Supp. at 1128-29.

Accordingly, IT IS HEREBY ORDERED that Defendant's December 23, 2008 motion

-2-

for stay of judgment and release pending appeal is DENIED.


s/John Corbett O'Meara
United States District Judge


Date:  January 14, 2009




I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 14, 2009, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager